**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**BILLY MYERS LEWIS**                                                                                                 **PLAINTIFF**

**V.**                                                                                                                                    **NO. 4:09CV114-A-D**

**LAWRENCE KELLY**                                                                                                     **DEFENDANT**

## MEMORANDUM OPINION

The Plaintiff, an inmate in the custody of the Mississippi Department of Corrections, filed this action *pro se* pursuant to 42 U.S.C. § 1983. *See* 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). The Plaintiff is attempting to maintain a claim for a perceived due process violation. Specifically, the Plaintiff states that his cell was searched on May 20, 2009. Officers discovered a cell phone and a lighter. Both the Plaintiff and his cell mate received a Rule Violation Report ("RVR"). The Plaintiff was found guilty of possessing contraband but the cell mate was exonerated. Aggrieved by the results of the disciplinary hearing, the Plaintiff instituted this civil action. Interestingly, the Plaintiff does not deny the contraband was in the cell, rather he claims he did not "possess" the items because they were found in a light fixture. For relief, the Plaintiff is asking that the RVR be expunged and his custody upgraded.

### Due Process

To invoke the protections of the Due Process Clause, the plaintiff must have a protected liberty interest at stake. Due process requires an inmate facing a disciplinary action be provided: (1) a written notice of the disciplinary action charges; (2) a written statement by the fact finder of the evidence and reasons for the disciplinary action; and (3) an opportunity to present evidence and call witnesses in his defense, if not unduly hazardous to institutional safety or correctional goals. *Wolff v. McDonnell*, 418 U.S. 539, 564-65, 94 S. Ct. 2963. 41 L. Ed. 2d 935 (1974). Federal courts do not

"second-guess" the findings and determinations of prison disciplinary committees. The Constitution does not demand "error-free decision making ...." *Collins v. King*, 743 F.2d 248, 253-54 (5th Cir. 1984) (quoting *McCrae v. Hankins*, 720 F.2d 863, 868 (5th Cir. 1983)). As long as there is "some evidence" in the record to support the disciplinary decision, due process requirements have been met. *Morgan v. Quaterman*, 570 F.3d 663, 668 (5th Cir. 2009).

The Plaintiff's own allegations defeat his claim. The Plaintiff does not deny that the contraband was in his cell. Instead he argues that he did not "possess" the items because they were found in a light fixture and not on his person. The Plaintiff fails to appreciate the legal elements of possession. Possession can be actual or constructive. *See United States v. Anderson*, 559 F.3d 348, 353 (5th Cir. 2009) (possession can be actual physical possession or constructive possession such as occupying a place where contraband is found). In this case, given that the cell phone and lighter were found inside a light fixture, in a small prison cell occupied by only two men, one or both of them possessed the contraband. It is obvious from the pleadings that the Plaintiff was found guilty of "constructively possessing" the prohibited items. Accordingly, the Plaintiff's claim that he did not actually possess the contraband is no defense to the charge. More importantly, the argument does not invoke any constitutional due process concerns.

**Classification**

It is clear that whether claims are habeas corpus or civil rights in nature a plaintiff must be deprived of some right secured to him by the Constitution or the laws of the United States. *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984) (citing 28 U.S.C. § 2254(a) (1982)); *Trussell v. Estelle*, 699 F.2d 256, 259 (5th Cir. 1983)). In the event there is no constitutional right, the plaintiff's complaint fails. *Irving*, 732 F.2d at 1216 (citing *Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir. 1983)).

Despite the Plaintiff's insistence and as discussed *supra*, the constitution has not been implicated by the facts of this case. The Plaintiff was afforded a disciplinary hearing to challenge the RVR, meeting the due process requirements of *Wolff v. McDonnell*. Inmates have neither a protectable property or liberty interest to any particular housing assignment or custodial classification, either under the United States Constitution or under Mississippi law. *Meachum v. Fano*, 427 U.S. 215, 224, 96 S. Ct. 2532, 49 L. Ed. 2d 451 (1976); *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992); *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990) (citations omitted); Miss. Code Ann. §§ 47-5-99 to -103 (1993). The Plaintiff, therefore, may not challenge his custodial classification based on the issuance of an RVR that comported with due process requirements. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

**Conclusion**

In accordance with the screening provisions of 28 U.S.C. § 1915, the Plaintiff has failed to set forth sufficient facts to state a claim. The court's dismissal of the Plaintiff's complaint for failure to state a claim shall count as a "strike" under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Mr. Lewis is cautioned that once he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

A final judgment in accordance with this opinion will be entered.

THIS the ___8th___ day of December, 2009.

                                                     **/s/ Sharion Aycock**
                                                   **U.S. DISTRICT JUDGE**